**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL WILLIAMS,

        Plaintiff - Appellant,

and

SANDI B.,

        Plaintiff,

    v.

WAYNE SCOTT, Director, Texas
Department of Criminal Justice,

        Defendant - Appellee.

No. 98-1087
(D.C. No. 97-D-2769)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is therefore ordered submitted without oral argument.

Plaintiff, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his civil rights action and his motion to proceed *in forma pauperis* [IFP] pursuant to 28 U.S.C. § 1915. The court dismissed the action without prejudice because Plaintiff failed to comply with the court's previous orders requiring him to cure several deficiencies in his complaint and his 28 U.S.C. § 1915 motion. The district court also denied Plaintiff leave to proceed IFP on appeal. He renews his motion to proceed IFP on appeal with this court.

From our review of the record, we cannot say that the district court erred in dismissing Plaintiff's action for failure to cure the deficiencies necessary to proceed with his civil rights claim and to proceed IFP. The fact that Plaintiff's *pro se* pleadings are construed liberally under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), does not excuse the deficiencies in his pleadings. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 513 U.S. 1090 (1995). Further, Plaintiff still has not corrected the deficiencies in his 28 U.S.C. § 1915 motion necessary to establish that he is entitled to proceed IFP on appeal. See 28 U.S.C. § 1915(a)(2) & (b)(1). Therefore, we affirm the dismissal of his action without

prejudice,[1] and we deny his motion to proceed IFP on appeal.

DENIED AND DISMISSED.

Entered for the Court

Monroe McKay
Circuit Judge

---

[1] Because we affirm the court's dismissal for failure to cure deficiencies, we do not address the merits of Plaintiff's claim that his constitutional rights were deprived by the unlawful seizure of or interference with his incoming and outgoing mail.