**Kevin K. OGDEN, Plaintiff–Appellant,**

v.

**SAN JUAN COUNTY, Farmington Police Department, Aztec Detention Center, State of New Mexico, and Las Vegas Medical Center, Defendants–Appellees.**

Nos. 93–2314, 94–2027.

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1994.

SUBMITTED ON THE BRIEFS: *

Kevin Kean Ogden, pro se.

Kathleen M. V. Oakey of the Baker Law Firm, Albuquerque, NM, for appellees.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff-appellant Kevin K. Ogden, proceeding *pro se,* filed a 42 U.S.C. § 1983 action on July 11, 1990, against San Juan County, the Farmington Police Department, the Aztec Detention Center, Johnny Bird, the Las Vegas Medical Center and the State of New Mexico. He alleged violations of his constitutional rights arising from his arrest by the Farmington police and his subsequent treatment for a variety of alleged physical and mental maladies while in custody of the Aztec Detention Center.

Defendants filed a motion to dismiss, and, on August 26, 1992, the district court granted defendants' motion to dismiss with prejudice as to the State of New Mexico and the Las Vegas Medical Center on Eleventh Amendment immunity grounds. It also granted the motion to dismiss as to defendant Johnny Bird without prejudice, on the ground that Mr. Ogden failed to allege any facts regarding Mr. Bird. The court granted Mr. Ogden thirty days in which to amend his complaint, and granted the remaining defendants, San Juan County, Farmington Police Department and Aztec Detention Center, thirty days in which to file an answer.

Defendants, on September 24, 1992, timely filed an answer, raising numerous affirmative defenses. Mr. Ogden failed to amend his complaint.

On November 25, the district court *sua sponte* entered an order finding that Mr. Ogden had failed to file an amended complaint and failed to respond to defendants' affirmative defenses and directing Mr. Ogden

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

to "file a response to the affirmative defenses within thirty (30) days or face dismissal of his complaint for want of prosecution." Order, R.Vol. I, Tab 20. When Mr. Ogden again failed to respond, defendants filed a motion on January 15, 1993, seeking to dismiss for failure to file a response. On January 21, the court entered an order dismissing Mr. Ogden's complaint without prejudice for want of prosecution. On that same day, January 21, 1993, Mr. Ogden filed a "Motion for Continuance and Motion for Counsel," which he amended on January 25.

On June 29, 1993, Mr. Ogden filed a notice of appeal to this court. By order dated October 13, 1993, this court dismissed his appeal and remanded the matter to the district court, noting that the appeal was filed late but:

> [T]he plaintiff contends in his notice of appeal that he did not receive notice of the district court's order dismissing the case. Because, by proffering an excuse, the plaintiff appeared to recognize he had a timeliness problem, we liberally construe the notice of appeal as a motion to reopen for appeal pursuant to Fed.R.App.P. 4(a)(6).

Order, R.Vol. I, Tab 30. The court ordered the district court to "determine whether the time period for filing a notice of appeal should be reopened for fourteen days pursuant to Rule 4(a)(6)." *Id.*

On remand, in a decision dated November 2, 1993, the district court determined it would not reopen the time for filing a notice of appeal, because "a review of the Court file indicates that a copy of the order was mailed and that the letter was never sent back to the Court as being undeliverable." Mem.Op. and Order, R.Vol. I, Tab 31. On November 8, Mr. Ogden filed a letter with the district court calling into question the November 2 decision. The district court treated the letter as a motion to reconsider the November 2 decision, and denied the motion on January 13, 1994.[1]

Meanwhile, on November 15, Mr. Ogden filed a notice of appeal to this court from the November 2 decision. That appeal was assigned number 93–2314.[2] On January 24, 1994, Mr. Ogden filed a notice of appeal from the January 13 decision denying his motion for reconsideration of the November 2 decision. That appeal was assigned number 94–2027. The two appeals were consolidated and we now address them.

Mr. Ogden appeals from district court decisions refusing to reopen the time for filing a notice of appeal pursuant to Fed.R.App.P. 4(a)(6), and denying reconsideration of that decision.

---

1. The district court correctly treated Mr. Ogden's letter as a motion to reconsider under Rule 59(e). " '[P]ost-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions.' " *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir.1989) (quoting *Dalton v. First Interstate Bank*, 863 F.2d 702, 703–04 (10th Cir.1988)).

2. On December 1, 1993, the clerk of this court sent the parties a "Notice of Jurisdictional Defect" informing them that the Tenth Circuit was considering summary dismissal of No. 93–2314 for lack of jurisdiction, and directing both parties to brief the jurisdictional issue. This was because under the version of Fed.R.App.P. 4(a)(4) in effect at the time of Mr. Ogden's notice of appeal, that notice of appeal was premature because his post-judgment Rule 59(e) motion was pending.

Rule 4(a)(4) was amended effective December 1, 1993. The new Rule applies to "all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings in appellate cases then pending." Fed. R.App.P., *Orders of the Supreme Court of the United States Adopting and Amending Rules,* Order of April 22, 1993, Para. 2 (Supp.1993); 113 S.Ct. 819 (1993). Several circuits have interpreted the "just and practicable" language broadly, holding that the amendments should be applied to pending cases "to the maximum extent possible" so long as that application would not "work injustice." *Burt v. Ware*, 14 F.3d 256, 259 (5th Cir.1994); *see also Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1352 (9th Cir.1994); *Lauderdale County School Dist. v. Enterprise Consol. School Dist.*, 24 F.3d 671, 680–81 (5th Cir.1994). If the new rule applied to appeal No. 93–2314, Mr. Ogden's premature notice of appeal would have ripened on January 13, 1994, when the district court denied his motion for reconsideration. However, because Mr. Ogden filed a timely notice of appeal after that denial, and we have consolidated that appeal with No. 93–2314, we need not address the applicability of amended Rule 4(a)(4) to No. 93–2314.

We review the district court's determination of whether to grant a motion for an extension of time within which to file a notice of appeal for an abuse of discretion. *Cf. Gooch v. Skelly Oil Co.,* 493 F.2d 366, 368 (10th Cir.) (addressing standard of review employed for motion requesting extension of time to file a notice of appeal), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). The district court held that Mr. Ogden failed to meet the requirements for granting such an extension because court records revealed that a copy of the order dismissing his case had been sent to Mr. Ogden and never returned as undeliverable. We find no abuse of discretion in that determination.

Mr. Ogden also appeals the denial of his motion for reconsideration, which the district court properly held was a Rule 59(e) motion to alter or amend the November 2 decision. We review that denial for an abuse of discretion. *See Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992). We find no abuse in that denial.

Finally, Mr. Ogden attempts to raise several other vague and conclusory arguments in his appellate briefs, none of which have merit. He asserts throughout his briefs that the court must liberally construe his allegations and overlook deficiencies in his case because he proceeds *pro se.* While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure. *See Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants).

For the foregoing reasons, the decisions of the district court denying Mr. Ogden's motion for an extension of time in which to file his notice of appeal and refusing to alter or amend that judgment are AFFIRMED.