161 F.3d 19
 98 CJ C.A.R. 4830
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carl WILLIAMS, Plaintiff--Appellant,
and
Sandi B., Plaintiff,
v.
Wayne SCOTT, Director, Texas Department of Criminal Justice,
Defendant--Appellee.
 No. 98-1087.
 United States Court of Appeals, Tenth Circuit.
 Sept. 14, 1998.
 
 Before ANDERSON, McKAY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 Monroe McKAY, Circuit Judge.
 
 
 1
 After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, a state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights action and his motion to proceed in forma pauperis [IFP] pursuant to 28 U.S.C. § 1915. The court dismissed the action without prejudice because Plaintiff failed to comply with the court's previous orders requiring him to cure several deficiencies in his complaint and his 28 U.S.C. § 1915 motion. The district court also denied Plaintiff leave to proceed IFP on appeal. He renews his motion to proceed IFP on appeal with this court.
 
 
 3
 From our review of the record, we cannot say that the district court erred in dismissing Plaintiff's action for failure to cure the deficiencies necessary to proceed with his civil rights claim and to proceed IFP. The fact that Plaintiff's pro se pleadings are construed liberally under Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), does not excuse the deficiencies in his pleadings. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir.1994), cert. denied, 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995). Further, Plaintiff still has not corrected the deficiencies in his 28 U.S.C. § 1915 motion necessary to establish that he is entitled to proceed IFP on appeal. See 28 U.S.C. § 1915(a)(2) & (b)(1). Therefore, we affirm the dismissal of his action without prejudice,[1] and we deny his motion to proceed IFP on appeal.
 
 
 4
 DENIED AND DISMISSED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Because we affirm the court's dismissal for failure to cure deficiencies, we do not address the merits of Plaintiff's claim that his constitutional rights were deprived by the unlawful seizure of or interference with his incoming and outgoing mail