**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LUIS SANCHEZ-FLORES,

    Defendant-Appellant.

No. 98-3048
(D. Kan.)
(D.Ct. No. 97-CV-3309)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

After pleading guilty to conspiracy to distribute cocaine in violation of 21

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 846 and receiving a sentence of 121 months; Luis Sanchez-Flores filed a pro se Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255, alleging he received ineffective assistance of counsel because his attorney failed to (1) offer mitigating evidence during his sentencing, (2) object to the accuracy of his presentence investigation report, and (3) file a direct appeal of his sentence. Mr. Sanchez also alleges the district court erred in not making an independent finding regarding the "safety valve" issue he raised at sentencing. The United States opposed Mr. Sanchez's § 2255 motion and submitted affidavits of Mr. Sanchez's counsel and his interpreter stating Mr. Sanchez chose not to appeal after being fully informed of his right to appeal his sentence.

On September 4, 1997, the district court dismissed Mr. Sanchez's appeal as untimely on determining it was filed one day after the applicable one-year limitation period. 28 U.S.C. § 2255. In response, Mr. Sanchez filed a motion to alter or amend judgment explaining he timely delivered his § 2255 motion to prison authorities on July 7, 1997. He included a copy of the certified mailing receipt showing his § 2255 motion was indeed mailed on July 7, 1997.

By order issued October 3, 1997, the district court treated Mr. Sanchez's motion to alter or amend judgment as a motion for reconsideration and took the

-2-

motion for reconsideration under advisement pending receipt from Mr. Sanchez of a 28 U.S.C. § 1746 declaration concerning the truth of statements made by him in his § 2255 motion. On November 10, 1997, the district court issued an order finding Mr. Sanchez had failed to file the declaration and dismissing his § 2255 motion for failure to file the declaration.

In response to the November 10, 1997 order, Mr. Sanchez filed a "Second Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. Proc. - 59(a) & (e)," stating he had filed a declaration. By order dated December 12, 1997, the court acknowledged that a document entitled "Certificate of Pleadings," signed by Mr. Sanchez, had been received by the clerk of court on October 20, 1997, but not docketed because it did not bear a caption or case number. After reviewing the certification document, the district court determined it insufficient to meet the requirements of the ordered declaration. The court nonetheless provided Mr. Sanchez an opportunity to submit a proper § 1746 declaration, after instructing him as to the requirements of such a declaration.[1] The court further ordered Mr. Sanchez to admit or deny each of the statements made in the affidavits of his

---

[1] Mr. Sanchez was instructed, in part, to file a declaration in which he stated he had read and understood the provisions of 18 U.S.C. §§ 1621 and 1623 regarding perjury and false declarations and that his § 2255 claims and statements were made pursuant to § 1746(2).

counsel and interpreter.  Mr. Sanchez was to file the required declaration and response to the affidavits on or before December 31, 1997.  He subsequently received an extension to January 16, 1998, but failed to file a document.

On January 29, 1998, the district court issued an order denying Mr. Sanchez's § 2255 motion based, in part, on his failure to file the declaration.[2]  In addition, the district court found Mr. Sanchez had failed to demonstrate his counsel should have filed an appeal, or that an appeal, if taken, would have been successful.  The district court also determined Mr. Sanchez did not provide any explanation, information or evidence to show the sentence entered by the court was improper or should have been reduced.

Mr. Sanchez's failure to file a declaration as to the truth of his statements or formally deny the specific statements made in the affidavits of his counsel and interpreter contravenes the district court's direct order.  Pro se filings are given liberal construction, but pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of

---

[2] Mr. Sanchez's notice of appeal was timely filed as to the district court's January 29, 1998 order addressing his motion for reconsideration.  However, Mr. Sanchez did not file a timely appeal from the district court's November 10, 1997 order denying his § 2255 motion.  We therefore review this appeal only on the district court's January 29, 1998 order, which we will treat as a ruling pursuant to Fed. R. Civ. P. 60(b).

-4-

Civil and Appellate Procedure and the explicit order of the district court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

This procedural default notwithstanding, Mr. Sanchez's failure to file the declaration also undermines his appeal on the merits of his ineffective assistance of counsel claim.[3] To prevail on his ineffectiveness of counsel claim, Mr. Sanchez must show counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, Mr. Sanchez's failure to produce a sworn statement, affidavit or declaration leaves the record void of any evidence supporting his claim of ineffective counsel, either during the sentencing proceeding or in failing to file a direct appeal. The district court properly concluded Mr. Sanchez did not refute the affidavits of his counsel and interpreter, after being given notice and opportunity to respond. Those affidavits show Mr. Sanchez affirmatively and unequivocally stated his wish not to pursue an appeal. Likewise, insufficient evidence exists in the record to establish any error by the district court in rendering his sentence. Therefore, the district court's

---

[3] Mr. Sanchez's failure to file a declaration is sufficient reason to dismiss his appeal. However, we proceed to the merits of this case only because the district court addressed them, in its order dismissing the § 2255 motion.

determination that Mr. Sanchez's claims are unsupported by the record is not erroneous, and is supported by the weight of the pleadings and record.

The district court properly determined Mr. Sanchez's claims are unsupported by the record.  Accordingly, we conclude Mr. Sanchez's failure to file the declaration with the district court is sufficient grounds to deny his § 2255 motion.  Moreover, his motion fails to meet the standard on which a certificate of appealability may be granted.  *See* 28 U.S.C. § 2253.

We deny the certificate of appealability and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge