**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,
Donna Meadors, Revenue Agent,

       Petitioners-Appellees,

v.

KIM K. CHAI,

       Respondent-Appellant.

No. 00-5093
(D.C. No. 99-MC-21-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Respondent Kim K. Chai appeals three orders of the district court arising out of summons enforcement proceedings commenced by the Internal Revenue Service. We conclude that respondent's appeal is untimely with respect to two of the orders and is moot with respect to the third. Therefore, we dismiss the appeal.

The IRS issued a summons to respondent in January 1999 seeking various books and records in connection with its investigation of his tax liability for 1995 and 1996. When respondent failed to comply with the summons, the IRS instituted this enforcement proceeding pursuant to 26 U.S.C. §§ 7402(b) and 7604. The district court ordered respondent to show cause why the summons should not be enforced and, after holding a show cause hearing and considering the briefs of the parties, the court entered an enforcement order on January 4, 2000. The court ordered all but one provision of the summons enforced; the court held that respondent did not have to comply with that portion of the summons seeking his patient files. Respondent was ordered to comply with the remainder of the summons by February 7, 2000.

Respondent did not appeal the district court's enforcement order. Instead, he filed two motions on February 7 challenging the district court's jurisdiction over the proceedings. The court entered an order on March 3 ruling that, to the extent the February 7 filings were intended as motions to reconsider or alter or amend the court's order of January 4, they were denied. The court directed

respondent to comply with its January 4 order. Respondent did not appeal this March 3 order.

Meanwhile, the government moved for an order to show cause why respondent should not be held in contempt for failing to comply with the court's January 4 enforcement order. The court issued an order to show cause on March 23, and on April 17, the magistrate judge conducted a show cause hearing at which respondent appeared and presented argument. In a report and recommendation issued April 18, the magistrate judge found that respondent had "presented no justifiable reason for his failure to comply with this Court's prior orders." R. Vol. I, Doc. 35 at 3. He found respondent in contempt and recommended that respondent be given an opportunity to purge the contempt by complying with the summons on or before May 2. The magistrate judge further recommended that, if respondent did not purge the contempt by May 2, the court issue a warrant for his arrest and "he be incarcerated until he is willing to comply with the IRS' lawful summons." *Id.*

Respondent filed timely objections to the magistrate's report and recommendation, as well as several other motions challenging the court's jurisdiction and the enforcement order. By order entered May 1, the district court denied respondent's objections and other motions. The court stated that respondent "has been ordered to turn over requested documents by May 2, 2000 or

be found in contempt," and held that "the deadline of May 2, 2000 stands." *Id.*, Doc. 45 at 1. On May 2, respondent delivered the requested documents to the IRS, and on May 3, the IRS filed a notice with the district court that respondent had purged himself of the contempt. Respondent filed a notice of appeal on May 9, stating that he was appealing the court's orders of January 4, March 3, and April 17.

Respondent's appeal of the district court's January 4 enforcement order is untimely. The enforcement order was a final, appealable order. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992). Because the federal government is a party to this action, respondent had sixty days from entry of the January 4 order to appeal that order. *See* Fed. R. App. P. 4(a)(1)(B). The order was entered on the docket on January 5, so respondent had until March 7 to file his notice of appeal. His May 9 notice of appeal was two months late. Respondent's February 7 filings, which the court construed as post-judgment motions attacking the enforcement order, did not toll the time for appealing the enforcement order because they were not filed within ten days of the enforcement order's entry. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Further, respondent's appeal of the court's order denying those post-judgment motions is not timely, because it was not filed within sixty days of entry of the order denying those motions. Respondent repeatedly argues that he should not be held to the same

-4-

standards as others because he is proceeding pro se. While respondent's pro se status entitles him to have his pleadings construed more liberally than those of an attorney, it does not relieve him of the duty to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Respondent's May 9 notice of appeal also purports to appeal an April 17 order. The court did not enter an order on April 17, however; that was the date of the contempt hearing. The IRS suggests that respondent's reference to an April 17 order was an attempt to appeal the district court's order of May 1 concerning the contempt proceedings of April 17. To the extent that the IRS is correct, [1] the notice of appeal may have been timely, [2] but the contempt order is moot because respondent purged himself of the contempt.

"In the context of purely coercive civil contempt, a contemnor's compliance with the district court's underlying order moots the contemnor's ability to challenge his contempt adjudication." *Chairs v. Burgess*, 143 F.3d

---

[1]     Respondent states in his reply brief that he is not attempting to appeal the contempt order, but rather is appealing the court's orders of January 4, March 3, and April 28. There was no order entered on April 28, however, and all the orders entered in April related to the contempt proceedings.

[2]     The IRS argues that the notice of appeal is not effective as to the court's May 1 order because that order was not a final order. Because we conclude that the contempt proceedings are moot, we need not decide whether the court's May 1 order was a final, appealable order.

1432, 1435 n.3 (11th Cir. 1998) (quotation omitted); *accord Philadelphia Police & Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 874 F.2d 156, 162 (3d Cir. 1989); *Cordero v. De Jesus-Mendez*, 867 F.2d 1, 21 (1st Cir. 1989) (collecting cases); *Szabo v. U.S. Marine Corp.*, 819 F.2d 714, 716 (7th Cir. 1987); *Hunt v. Hunt (In re Hunt)*, 754 F.2d 1290, 1293 (5th Cir. 1985).

Because respondent's notice of appeal is untimely as to the court's enforcement order and its order denying his post-judgment motions, and because the court's contempt order was mooted by respondent's compliance, we have no jurisdiction to review the matters raised by respondent on appeal. Accordingly, the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge