**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY RAY HILL,

     Petitioner-Appellant,

v.

STATE OF OKLAHOMA; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 01-6060
(D.C. No. CIV-99-1451-L)
(W. District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

     Danny R. Hill, appearing pro se, seeks a certificate of appealability

("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's

dismissal of his petition for a writ of habeas corpus as time-barred under 28

U.S.C. § 2254(d). We conclude that petitioner has not demonstrated

---

    [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

extraordinary circumstances warranting equitable tolling of the period of limitation, and we deny COA.

On April 11, 1997, petitioner pleaded guilty to manufacturing methamphetamine. He was sentenced to twenty years imprisonment on April 29, 1997. Under Rule 4.2 of the Rules of the Oklahoma Court of Criminal Appeals, petitioner had ten days from April 29, 1997, to file an application to withdraw his guilty plea. Because petitioner failed to file such an application within the ten-day period, his conviction became final on May 9, 1997. On January 14, 1999, petitioner filed an application for post-conviction relief with the District Court of Oklahoma County, which the court denied on April 18, 1999. On June 28, 1999, the district court's decision was affirmed on appeal.

Petitioner filed a writ of habeas corpus with the United States District Court for the Western District of Oklahoma on September 23, 1999, which was denied on April 26, 2000, as time-barred. Petitioner then filed a Fed. R. Civ. P. 59(e) motion to Alter or Amend Judgment on May 5, 2000, and the motion was denied on January 30, 2001. Petitioner appealed.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). A conviction becomes final "by the conclusion of direct review or

the expiration of the time for seeking such review." 28 U.S.C § 2244(d)(1)(A). The one-year period of limitation is subject to equitable tolling in extraordinary circumstances. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Petitioner argues that his circumstances warrant equitable tolling because the state court prevented him from filing a direct appeal from his conviction. It is undisputed that petitioner failed to withdraw his plea or file a Notice of Appeal; rather he sent a letter to the Oklahoma County court clerk stating his desire to appeal and requesting instructions for such an appeal. The state court did not rule on this letter as it was not a proper Notice of Appeal. Petitioner claims that this was improper because it held him to an "attorney standard" rather than that of a pro se litigant. While "[a] pro se litigant's pleadings are to be construed liberally," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), petitioner's pro se status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules, cf. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Petitioner's letter requesting information regarding the appeals process did not qualify as a pleading, and the state court's failure to treat it as such was not improper.

The tolling provision set out in 28 U.S.C. § 2244(d)(2) is not implicated in this case because petitioner's state post-conviction petition was filed after the one-year limitations period set out in 28 U.S.C. § 2244(d)(1) expired.

-3-

Petitioner did not file a state post-conviction petition until January 14, 1999, which was well after the one-year period of limitation that began to run on May 9, 1997, so there is no basis for tolling the period of limitation under 28 U.S.C. § 2244(d)(2). Because the state did not impede petitioner's direct appeal from his conviction, petitioner has failed to demonstrate extraordinary circumstances warranting equitable tolling, and we conclude that petitioner's habeas application is time-barred.

Petitioner's motion to proceed in forma pauperis is **GRANTED**, his application for a certificate of appealability is **DENIED**, and the appeal is **DISMISSED**. The mandate shall issue forthwith.

Entered for the Court,


Carlos F. Lucero
Circuit Judge