**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOYCE WILKINS,

      Plaintiff-Appellant,

v.

JAMES THOMAS and CHIEF
GERALD WHITMAN,

      Defendants-Appellees.

No. 03-1468
(D. Colorado)
(D.C. No. 03-WM-1317 (PAC))

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Joyce Wilkins appeals the district court's dismissal without prejudice of her

pro se civil action against Denver Assistant City Attorney James Thomas and

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

    [**] After examining the briefs and appellate record, this panel has
determined unanimously to decide this case on the briefs without oral argument.
See FED. R. APP. P. 34(a)(2).

Denver Police Chief Gerald Whitman.  The district court ruled that Ms. Wilkins'

complaint failed to comply with FED. R. CIV. P. 8(a).  We conclude that the

district court did not abuse its discretion in dismissing Ms. Wilkins' complaint.

See Mobley v. McCormick, 40 F.3d 337, 340 & n.1 (10th Cir. 1994) (reviewing a

district court's dismissal for failure to comply with a prior order for an abuse of

discretion).

Ms. Wilkins' complaint alleges that Mr. Thomas and Chief Whitman failed

to respond appropriately to her complaints about her neighbors.  She states that

the defendants acted "under the color of law," Aple's App. at 5, but she fails to

identify either the legal basis for her claims or the relief that she seeks.

Under FED. R. CIV. P. 8(a), Ms. Wilkins' complaint must contain "(1) a

short and plain statement of the grounds upon which the court's jurisdiction

depends, . . .  (2) a short and plain statement of the claim showing that [she is]

entitled to relief, and (3) a demand for judgment for the relief [she] seeks."

Although we construe Ms. Wilkins' pro se pleadings liberally, they must comply

with the applicable procedural rules, including FED. R. CIV. P. 8.  See Ogden v.

San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Ms. Wilkins' complaint does not comply with FED. R. CIV. P.  8(a).  Her

general allegations that Mr. Thomas and Chief Whitman did not respond

appropriately to her concerns do not provide these defendants with adequate

notice of the claims asserted against them, and they do not allow the district court or this court to evaluate the legal grounds for her causes of action. See Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir. 1979) (observing that "the essential function of a complaint under modern pleading is . . . to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief").

Moreover, the district court afforded Ms. Wilkins an opportunity to amend the complaint to comply with FED. R. CIV. P. 8(a). After the defendants filed a motion to dismiss, the court issued an order explaining the requirements of Rule 8(a) and requiring Ms. Wilkins to file an amended complaint. See Aple's App. at 73-76 (Dist. Ct. Order, filed Sept. 15, 2003). In response to this order, Ms. Wilkins submitted a one-page letter that did not cure the deficiencies noted by the district court. See id. at 83 (letter from Ms. Wilkins stating that "I have been ignored by Chief Whitman and James Thomas" but failing to explain the legal basis for her claims against them).

Accordingly, the district court did not abuse its discretion in dismissing her complaint without prejudice, and we therefore AFFIRM its decision.

Entered for the Court,


Robert H. Henry
Circuit Judge