**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2004**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JASON PRESLEY, also known as
Ernie Young; CARYN CADMAN; R.
BEN ANDERSON,

    Plaintiffs-Appellants,

v.

ELVIS A. PRESLEY; JANET
MOFFIT, JO ANNE B. BARNHART;
SCOTT JOHANSEN, (DCFS),

    Defendants-Appellees.

No. 04-4014
(D.C. No. 2:03-CV-64-PGC)
(Utah)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Jason Presley, a.k.a., Ernie Young appeals the district court's dismissal of

his civil suit. The ultimate relief sought by Mr. Presley is difficult to discern.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Having reviewed Mr. Presley's appellate brief and the record of his extensive proceedings in the district court, we find no meritorious claims and affirm.

Like the district court, we read the materials submitted by Mr. Presley to constitute a request that the federal courts order investigation and prosecution of various people for various crimes. Aplt. Br. at 3-8. And like the district court, we hold that such an order would improperly intrude upon the separation of powers. "Broad [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985).

Mr. Presley's remaining allegations fail to state any cognizable federal claim that we can determine. While we will liberally construe the pleadings of a *pro se* claimant, this liberality cannot transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge