**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBIN D. DALY,

      Plaintiff-Appellant,

v.

PEOPLE OF THE UNITED STATES
OF AMERICA, and/or agents therein
and therefore,

      Defendants-Appellees.

No. 03-1445
(D.C. No. 03-Z-1535)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Robin Daly has filed a motion to proceed *in forma pauperis* on his appeal

from the district court's dismissal of his complaint for failure to cure filing

deficiencies. We conclude Mr. Daly has failed to state a claim on which relief

may be granted. We therefore deny his motion to proceed *in forma pauperis* and

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

dismiss his appeal.

Mr. Daly is incarcerated in a state prison in Yakima, Washington. He initiated this action by filing *pro se* a letter, a motion for the appointment of counsel pursuant to 28 U.S.C. § 1915, and a "complaint pursuant to Title 28 U.S.C. sec. 1361." Rec. at doc. C. On August 11, 2003, a magistrate judge determined Mr. Daly's filing was deficient because he neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. The judge ordered Mr. Daly to cure the deficiency within thirty days.

On September 2, Mr. Daly submitted a motion to proceed *in forma pauperis*, a complaint, and an *uncertified* copy of his trust fund account statement. The *in forma pauperis* statute requires submission of a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The § 1915 form used by Mr. Daly specifically stated the certification requirement.

On September 30, the district court dismissed the complaint without prejudice for failure to cure the filing defect. A week later, Mr. Daly submitted a letter to the clerk of this court in which he stated "I would like to appeal [the district] court's decision to your court." Rec. at doc. 9. The clerk construed the

letter as a misdirected notice of appeal and forwarded it to the district court with instructions to process it as a notice of appeal. After determining the notice of appeal contained the same filing deficiency as the complaint itself, the district court gave Mr. Daly thirty additional days to cure the filing deficiencies with respect to his appeal. On October 20, he filed a § 1915 motion and affidavit for leave to proceed on appeal *in forma pauperis*, but included no account statement. The district court noted that Mr. Daly's § 1915 motion of October 20 was deficient

> because the certified trust fund account statement submitted on October 14, 2003, as an attachment to Mr. Daly's motion for reconsideration [did] not contain an itemized accounting of all deposits and withdrawals for the six-month period immediately preceding the filing of the appeal. Such an account statement is necessary so that the Court is able to calculate the initial partial filing fee Mr. Daly will owe in this appeal.

*See id.* at doc. 17. The court gave Mr. Daly thirty days to cure this deficiency. Finally, on October 27, Mr. Daly submitted a second § 1915 motion and affidavit for his appeal, this time with a copy of his certified account statement.

In the meantime, on October 14, Mr. Daly had filed a Motion for Rehearing of the district court dismissal, to which he attached a certified account statement. This was a motion pursuant to Rule 59(e), which the court denied because "Mr. Daly's belated submission of a certified account statement as an attachment to his liberally construed motion to reconsider does not alter the reason for the September 30 dismissal." *See id.* at doc. 22.

On November 14, 2003, the district court denied Mr. Daly's motion to proceed without prepayment of the appellate filing fee because it found he had "not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *See id.* at doc. 27. Mr. Daly submitted to this court a renewed motion to proceed without prepayment of the appellate filing fee.

We first address the jurisdictional questions implicated by this case's convoluted procedural background. Within ten days of the district court's entry of the judgment dismissing his complaint, Mr. Daly filed in this court a document the clerk construed as a misdirected notice of appeal. This filing conferred jurisdiction on the appellate court, despite Mr. Daly's failure to pay the appellate filing fee. *See* FED. R. APP. P. 3(a)(1),(2),4(b)(1)(A)(i), 4(d); *see also Wisniewski v. Dir., Office of Workers' Comp. Programs*, 929 F.2d 952, 955 (3d Cir. 1991) ("[t]he payment of filing and docketing fees is not a jurisdictional requirement of Rule 3," citing *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955) (per curiam) (payment of filing fee beyond period for filing notice of appeal does not render appeal untimely)).

After filing the notice of appeal, Mr. Daly filed a document the district court construed as a timely motion for reconsideration under Rule 59(e). The Rule 59 motion divested this court of jurisdiction because it caused the underlying

-4-

judgment to lose its finality. *See Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995) (Rule 59 motion to alter or amend a judgment filed within ten days of judgment renders underlying judgment nonfinal and tolls the running of the time for appeal); FED. R. APP. P. 4(a)(4)(A)(iv). As a result, the clerk of this court abated the appeal pending the outcome of Mr. Daly's Rule 59 motion in the district court, noting the appeal would become effective upon the district court's disposition of the motion. When the district court resolved the motion by denying it, the appeal became effective and this court regained jurisdiction.

While a *pro se* litigant's pleadings are to be liberally construed, he must still follow the rules of federal and appellate procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Under 28 U.S.C. § 1915, it was Mr. Daly's responsibility to provide a properly certified account statement in support of his original motion to proceed *in forma pauperis* in the district court. If he was unable to obtain the proper documentation, he should have made the district court aware of his circumstances. The fact that Mr. Daly ultimately provided proper account certification to the district court for his § 1915 motion to proceed on appeal did nothing to cure the defect in his original § 1915 filing with respect to proceeding in the district court. Mr. Daly's failure to properly certify his original filing or cure the deficiency when granted thirty days to do so by the district court renders untenable his arguments on appeal.

Accordingly, we conclude Mr. Daly has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We deny his motion to proceed *in forma pauperis*, dismiss his appeal, and order immediate payment of any unpaid balance remaining on his appellate filing fee.

ENTERED FOR THE COURT

Stephanie K. Seymour
United States Circuit Judge