**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SALVATORE GIOVE,

  Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF TRANSPORTATION,

  Defendant-Appellee,

and

NATIONAL AIR TRAFFIC
CONTROLLERS ASSOCIATION,

  Defendant.

No. 05-1469
(D.C. No. 04-CV-1567-WYD-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Salvatore Giove appeals from the order of the district court granting summary judgment to defendant United States Department of Transportation on his claims of harassment, hostile work environment, disparate treatment, and termination on the basis of national origin.[1]  Our jurisdiction arises under 28 U.S.C. § 1291, and, after applying the same legal standard as the district court when ruling on a motion for summary judgment, *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), we affirm.

Background

Mr. Giove is a naturalized American citizen of Italian heritage.  After several years as an employee of the Federal Aviation Administration (FAA), Mr. Giove was fired from his job as an air traffic controller on the grounds that he had lied to an FAA investigator, created a disturbance to FAA personnel and operations, and misused government property, information, and records. Mr. Giove's conduct occurred in connection with his decision to provide certain documents and information to the plaintiffs' counsel in a pending lawsuit arising out of the crash of a charter flight near Grand Junction, Colorado.  That suit and the present matter were both heard by the same federal district court judge.

---

[1]  Defendant National Air Traffic Controllers Association was dismissed from the district court action early on and did not participate in this appeal.

Mr. Giove's termination became final on September 4, 1998. Later that month, on September 29, 1998, Mr. Giove filed a grievance through his union, the National Air Traffic Controllers Association, pursuant to the applicable collective bargaining agreement (CBA). The CBA specifically provided that, in matters relating to alleged discriminatory practices, an aggrieved employee had the option to proceed through the established grievance procedure or to utilize any other procedure available in law or regulation, but not both. This provision of the CBA mirrors a similar provision in 5 U.S.C. § 7172(d), which requires an employee in Mr. Giove's position to elect between pursuing a grievance or filing an EEO complaint.

Mr. Giove's grievance was denied by an arbitrator, and that denial was affirmed in *Giove v. Department of Transportation*, 230 F.3d 1333, 1343-44 (Fed. Cir. 2000) (finding arbitrator's rejection of Giove's claims under the Whistleblower Protection Act to be in accordance with law and supported by substantial evidence and "affirm[ing] the arbitrator's decision to uphold the removal of Giove").

On November 18, 1998, while his grievance was proceeding, Mr. Giove filed a written EEO complaint with the FAA. The complaint stated that Mr. Giove's termination had been the result of illegal discrimination against him

on the basis of his Italian origin. R. Doc. 94, Attach. A2. An attached statement described various occurrences which Mr. Giove viewed as discriminatory.

The FAA dismissed the EEO complaint, finding that Mr. Giove had elected to proceed via the grievance procedure on his discriminatory termination claim, and that any claims based on other acts were untimely. The EEOC denied both Mr. Giove's appeal and his motion for reconsideration. Mr. Giove then filed his complaint in federal district court.

District Court Proceeding

When Mr. Giove realized that the same district judge who had presided over the suit regarding the Grand Junction charter crash would preside in this matter, he filed a motion to recuse. In that motion, he alleged that he had corresponded with the judge relative to the disposition in the previous case and that the judge "ha[d] knowledge of issues indirectly related to my removal from the Federal Aviation Administration concerning alleged misconduct." *Id.* Doc. 11. Mr. Giove expressed the opinion that it was inconceivable the judge "could remain objective and impartial throughout the trial and eventually express an unbiased Order and Opinion." *Id.* In response to this motion, the judge ordered Mr. Giove to submit evidence to support it, which Mr. Giove refused to do. The court then denied the motion to recuse. *Id.* Doc. 37.

On September 16, 2005, the district court granted defendant's motion for summary judgment finding that (1) all claims except the discriminatory termination claim were unexhausted; (2) the discriminatory termination claim was barred because Mr. Giove had previously elected to proceed via the CBA grievance process; and (3) Mr. Giove's claim of pretext was moot. Mr. Giove takes exception to all of these conclusions and the court's refusal to recuse.

Analysis

*Recusal*

As mentioned above, Mr. Giove's basis for his motion to recuse was his belief that, because of correspondence between him and the judge relative to a former lawsuit, the judge would be unable to preside fairly over his employment action. Mr. Giove, however, refused to provide the court with copies of the alleged correspondence, arguing that the court should already have access to those documents from the previous suit.

The court, however, had no obligation to retain this extra-judicial correspondence. Furthermore, Mr. Giove's refusal to provide the relevant documents left his motion for recusal unsupported.[2] But even if the relevant

---

[2] In his reply brief, Mr. Giove relies on his pro se status to excuse his shortcomings with regard to the recusal motion. Mr. Giove's pro se status, however, does not exempt him from complying with the applicable rules of procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

evidence had been submitted, recusal was still inappropriate. Any knowledge the judge presumably acquired through prior judicial proceedings cannot be the basis for recusal absent a showing of "deep-seated favoritism or antagonism that would make fair judgment impossible," which Mr. Giove does not make. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

*Exhaustion*

In the district court, Mr. Giove addressed this issue in one paragraph entitled, "Plaintiff May Maintain His Title VII Claim Based on His Termination." R. Doc. 98 at 3. The ensuing argument laid out the legal requirements for administrative exhaustion and concluded, "[d]efendant therefore contends that plaintiff's claim of discriminatory termination is *not* barred . . . ." *Id.* at 4. On appeal, Mr. Giove advances arguments ranging from evidence establishing the date he first contacted an EEO counselor, to arguments presumably added to bolster some unarticulated claim for estoppel or for equitable tolling. *See* Opening Br. at 9-14. Because Mr. Giove failed to advance any of these arguments to the district court, we will not consider them for the first time on appeal. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.) *amended on other grounds*, 103 F.3d 80 (10th Cir. 1996).

*5 U.S.C. § 7121(d)*

As an employee of the FAA, Mr. Giove was covered under both the Civil Service Reform Act of 1978 and the agency's CBA with his union, the latter of which permitted covered employees to file grievances alleging unlawful discrimination. Mr. Giove's appeal rights, therefore, are governed by 5 U.S.C. § 7121(d), which provides, *inter alia*, that "[a]n aggrieved employee affected by a prohibited personnel practice [including discrimination based on national origin] which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, *but not both.*" (emphasis added). In other words, while Mr. Giove could technically file a grievance with his union and also file an EEO complaint, as he did here, he could not expect to be successful in pursuing both remedies.

The district court determined that Mr. Giove was barred from bringing this discriminatory termination action because he had previously filed a grievance involving the same matter under the CBA. Mr. Giove insists this suit does not involve the same "matter" that had been considered in his grievance proceeding. We disagree and affirm the district court.

As mentioned above, in his grievance proceeding, Mr. Giove did not base his challenge on illegal discrimination, arguing instead that the actions he took which eventually led to his termination were protected under the Whistleblower Protection Act. Mr. Giove argues that, because the present action alleges illegal

termination as a result of national-origin bias, it involves a different "matter" than the grievance proceeding and should be allowed to go forward unhindered by § 7121(d).

Mr. Giove construes the term "matter" too narrowly. Because both the grievance proceeding and this case involve the termination of his employment with the FAA, they both involve the same "matter" for purposes of the statute. In *Bonner v. Merit Systems Protection Board*, 781 F.2d 202, 204-05 (Fed. Cir. 1986), the court interpreted the term "matter" to refer to the underlying government action which precipitated the complaint. *Bonner* was followed in *Macy v. Dalton*, 853 F. Supp. 350, 353 (E.D. Cal. 1994), where the court concluded that "the 'matter' to which § 7121(d) refers is not plaintiffs' discrimination claim, but rather is plaintiffs' termination . . . ." The fact that Mr. Giove advanced a different legal theory in his EEO complaint from the one relied upon in his grievance does not insulate him from the operation of § 7121(d). *See Rosell v. Wood*, 357 F. Supp. 2d 123, 130 (D.D.C. 2004).

This reading is supported by the relevant regulation, which provides:

An aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter . . . *irrespective of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination.*

29 C.F.R. § 1614.301(a) (emphasis added). This regulation also disposes of Mr. Giove's contention that, because he contacted an EEO counselor well before he filed his formal complaint, the EEO complaint came first and should be allowed to proceed. "An election to proceed [with the statutory EEO procedure] is indicated only by the filing of a written complaint." *Id.*; *see also Rosell*, 357 F. Supp. 2d at 130. Mr. Giove does not dispute that his formal written EEO complaint was not filed until after the initiation of his grievance procedure.

*Other matters*

Mr. Giove makes no argument in support of his claim that the district court erroneously denied his motion to amend his complaint. We therefore do not address this point. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding that a party must support its argument with legal authority). Additionally, the motion to amend was denied by the magistrate judge, and Mr. Giove filed no objections to that determination in the district court, thereby waiving further consideration on appeal. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992). Because Mr. Giove's complaint was properly dismissed, it is unnecessary to address his arguments regarding pretext and an increase in the amount of damages. The motion to this court relative to that latter matter is DENIED.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge