FILED
United States Court of Appeals
Tenth Circuit

June 15, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MATTHEW WIGGINS,

    Plaintiff - Appellant,

v.

MR. M. CULLUGH; MR. B. YATES;
MR. T. HELVVO; MR. D. STARK;
MR. J. CALHOUN; MS. K. HUNT,

    Defendants - Appellees.

No. 10-2009
(D.C. No. 09-CV-00741)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

---

Matthew Wiggins, a New Mexico state prisoner proceeding *pro se*, appeals

the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. The

district court held that Mr. Wiggins's departure from a detention center mooted

his claim for equitable relief against the center's officials. 1 R. at 116-18. It

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

later refused to set aside the judgment so that he could amend his complaint to seek compensatory damages. 1 R. at 161-62. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's judgment.

When Mr. Wiggins filed his complaint, he was incarcerated at the San Juan County Detention Center in New Mexico. 1 R. at 28. In his complaint, he alleged, among other things, that officials at the center denied him recreation, exposure to sunlight, library access, and a diet conforming to his religious beliefs. 1 R. at 29-32. He sought equitable relief and explicitly disavowed seeking monetary damages. 1 R. at 33. In a subsequent notice of change of address, Mr. Wiggins stated that a state court had since sentenced him and that he now serves his sentence at a state penitentiary elsewhere. 1 R. at 86.

The district court *sua sponte* reviewed Mr. Wiggins's complaint under 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6), and dismissed his suit as moot. 1 R. at 116-18. It held that absent factual allegations showing that Mr. Wiggins faces similar injury in the future from these officials, he cannot maintain a declaratory or injunctive action against them. 1 R. at 117. It entered judgment against Mr. Wiggins on December 17, 2009.

On December 22, 2009 and December 31, 2009, Mr. Wiggins moved to amend his complaint to add a claim for compensatory damages. 1 R. at 120-46, 157-58. On December 31, 2009, he filed a notice of appeal with this court; we forwarded it to the district court, which filed it on January 4, 2010. 1 R. at 3,

147-52. On January 14, 2010, the court denied his motions to amend because he knowingly waited to ask to amend his complaint until after the court entered judgment. 1 R. at 161-62 (citing Fed. R. Civ. P. 15(a)-(b), 59(e), 60(b)).

As a threshold issue, we *sua sponte* consider the extent to which we have jurisdiction over this appeal. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We lack jurisdiction to address issues not raised in the notice of appeal. Phillips v. James, 422 F.3d 1075, 1081 (10th Cir. 2005). "While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Mr. Wiggins's appellate brief discusses both the court's dismissal of his action as moot and the court's order refusing permission to amend his complaint. Aplt. Br. at 4. But his notice of appeal does not include this second issue. 1 R. at 149-51. It could not have done so: the notice of appeal pre-dates the district court's order denying permission to amend his complaint. We thus do not consider the proposed amendment.

The district court correctly dismissed Mr. Wiggins's claim as moot. His complaint only requested equitable relief against officials from the San Juan County Detention Center. "When it becomes impossible for a court to grant

effective relief, a live controversy ceases to exist, and the case becomes moot."

Kan. Judicial Review v. Stout, 562 F.3d 1240, 1246 (10th Cir. 2009). A prisoner's transfer from one prison to another moots claims for declaratory or injunctive relief against officials at the prior prison. Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010).

AFFIRMED. We GRANT IFP status and remind Mr. Wiggins of his obligation to make partial payments until the filing fee is paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge