**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AGGIE JOE GALLEGOS,

      Plaintiff - Appellant,

v.

BYRON ECONOMIDY; JAY
SCHWARTZ; ZAK COTTRELL;
DON PIATT; ERIC MARTINEZ,
individually and in their official
capacities as Officers of the
Albuquerque Police Department,

      Defendants - Appellees.

No. 11-2112

(D. New Mexico)

(D.C. No. 1:09-CV-00298-ACT-WDS)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff and appellant Aggie Joe Gallegos, a state prisoner proceeding *pro se*, appeals the dismissal of his civil rights action brought against various Albuquerque police officers and other officials in connection with Mr. Gallegos's arrest in 2007. We affirm.[1]

## BACKGROUND

On March 28, 2007, Mr. Gallegos was riding his bicycle in Albuquerque, New Mexico, when he rode past a stop sign without stopping. Albuquerque police officer and defendant Byron Economidy was on patrol and, upon observing Mr. Gallegos go through the stop sign, he engaged his emergency lights and equipment in an attempt to stop Mr. Gallegos. Mr. Gallegos got off his bicycle and talked to Officer Economidy. Not surprisingly, at this point the parties diverge in their accounts of the ensuing events.

According to the officer, Mr. Gallegos hopped back on his bicycle and rode off, with Officer Economidy chasing behind. Mr. Gallegos then abandoned his bicycle and began running away from the officer. While running, he threw things out of his pockets and ignored commands to stop running. Other police

---

[1]Our grasp of the basic facts of this case was hampered by the fact that the defendants did not file a brief in our court, nor did they file any pleadings in the district court. We accordingly have had to discern what happened from Mr. Gallegos's own *pro se* pleadings and the other items in the record.

We also note that the question of the timeliness of Mr. Gallegos's appeal was referred to us, as the merits panel. There is sufficient evidence that Mr. Gallegos timely filed his appeal, so we have jurisdiction over this appeal.

vehicles began arriving on the scene to assist Officer Economidy. Mr. Gallegos evidently turned to face Officer Economidy and ran towards him. After a struggle, the officer got Mr. Gallegos in a head lock. Mr. Gallegos began kicking wildly as other officers tried to restrain him, and he was apparently struck by a baton and "tased" on his back by a taser gun.

Mr. Gallegos claims that he did not attempt to flee, but, rather, that the officers used excessive force, including tasering him in his back, in order to subdue him for a minor infraction of the law. He alleges that he was "physically and psychologically brutalized" by the defendant police officers. R. Vol. 1 at 118. In any event, Mr. Gallegos was treated at a local hospital for cuts and scrapes and a cut on his head, although he evidently did not miss work or incur any medical bills for his injuries. Mr. Gallegos was charged with a variety of felonies, and ultimately pled guilty to possession of cocaine and resisting arrest.

Mr. Gallegos brought this action pursuant to 42 U.S.C. § 1983 against the five police officers involved in his arrest, as well as the police chief, the mayor of Albuquerque and the City of Albuquerque itself.[2] They were all sued in their individual and official capacities. Mr. Gallegos argued that the police officers used excessive force amounting to physical and psychological torture, that the City of Albuquerque had a policy of using excessive force, and that the

---

[2]The named defendants were police officers Byron Economidy, Jay Schwartz, Zak Cottrell, Don Piatt, Sean Kenny and Eric Martinez; Mayor Martin J. Chavez; Police Chief Ray Schultz; and the City of Albuquerque.

defendants engaged in malicious prosecution. He sought compensatory damages from all the defendants and punitive damages from the six police officers.

In an August 26, 2010, stipulation, Mr. Gallegos dismissed with prejudice all claims against defendants Chavez, Schultz and the City of Albuquerque. In a May 4, 2011, order, the magistrate judge to whom the case had been referred entered judgment as a matter of law in favor of defendant Martinez. Mr. Gallegos did not object to that decision. In a May 6, 2011, judgment, following a two-day jury trial, judgment was entered in favor of the remaining defendants. Mr. Gallegos appeals.

## DISCUSSION

Mr. Gallegos argues that he was restrained in shackles in front of the jury, thereby causing him prejudice. He claims this rendered his trial fundamentally unfair. Mr. Gallegos also alleges that "inconsistencies of defendant officers proves plaintiff's case." Appellant's Br. at 9. He finally asserts that the "in-car video of this beating was not provided as defense" and therefore caused a violation of the Fourteenth Amendment. Id.

He provides no specifics or citations to the record or to relevant authorities in support of these claims. While we could dismiss this appeal on that basis,[3] we

_____

[3]See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1547 (10th Cir. 1995) (refusing to consider an issue when a party failed to submit argument, cite case

(continued...)

elect to address the merits because of the state of the record regarding Mr.

Gallegos's attempts to obtain documents relevant to these proceedings.

Mr. Gallegos first argues that his appearance in shackles before the jury

caused him prejudice. We note, however, that in issuing its "Writ of Habeas

Corpus Ad Testificandum," the district court directed the corrections facility to

ensure that Mr. Gallegos is "attired in appropriate civilian clothing . . . at all

times when he is in the presence of the jury, and shall not be subjected to chains,

shackles, handcuffs, or other visible signs of his prisoner status." R. Vol. 1 at

237. It permitted the use of restraints not visible to the jury. Nothing in the

record suggests that this directive was not followed. Thus, we have no reason to

believe that the trial was conducted in direct contravention of this order.

Mr. Gallegos next contends that inconsistent statements by the police

officers who testified for the defense undermined their credibility. However, as

an appellate court, it is not our role to review credibility determinations. See

United States v. Cooper, 654 F.3d 1104, 1124 (10th Cir. 2011).

Finally, Mr. Gallegos argues that the police department should have given

him footage from the police squad car video camera that might have shed more

---

[3](...continued)
law, or point to the portions of the record supporting his argument). The fact that
Mr. Gallegos is *pro se* does not excuse him from compliance with the basic rules
of procedure. See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994)
("While we of course liberally construe *pro se* pleadings, an appellant's *pro se*
status does not excuse the obligation of any litigant to comply with the
fundamental requirements of the Federal Rules of Civil and Appellate
Procedure.").

light on what happened.  Mr. Gallegos fails to direct us to where in the record it indicates that he made this request prior to trial.  And our own review of the record likewise fails to elucidate this point.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment entered by the district court.  We DENY Mr. Gallegos's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge