Robert Anthony **BROWN,** Plaintiff,

v.

Anthony J. **PRINCIPI,** Secretary, **Department of Veterans Affairs,** Defendant.

No. 02–2586–JWL.

United States District Court, D. Kansas.

July 14, 2004.

As Amended Aug. 16, 2004.

Robert Anthony Brown, Kansas City, MO, pro se.

Christopher Allman, Office of United States Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

Plaintiff filed suit against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., alleging discrimination on the basis of his disability and retaliatory discharge. Plaintiff also asserts that he was subjected to a hostile work environment on the basis of his disability and in retaliation for en-

gaging in protected activity. This matter is presently before the court on defendant's motion for summary judgment (doc. #53). As set forth in more detail below, defendant's motion is granted and plaintiff's complaint is dismissed in its entirety.

## I. Facts

The court's recitation of the facts is somewhat hindered by the nature of defendant's motion and plaintiff's pro se response thereto. In large part, defendant seeks summary judgment on the grounds that plaintiff's failure to respond in any fashion to defendant's requests for admissions deems each request admitted and that such admissions are sufficient to entitle defendant to summary judgment.[1] Thus, defendant's motion contains only the briefest recitation of the facts concerning plaintiff's employment with defendant and the termination of his employment. Moreover, in response to defendant's motion, plaintiff has made only cursory allegations and has included very little additional detail concerning his claims. Mindful that plaintiff is proceeding pro se, the court has diligently reviewed plaintiff's briefs, the exhibits submitted by plaintiff and the entire summary judgment record to determine whether genuine issues of material fact exist. After a careful review of the record, the court finds that it must deem admitted all of defendant's facts for purposes of analyzing defendant's motion for summary judgment, as the court can find no evidence in the record controverting those facts.

Plaintiff Robert Brown was employed as a temporary file clerk in the records department at the Veterans Administration Medical Center at Leavenworth, Kansas. David Wischropp was plaintiff's immediate supervisor in the records department. For some period of his employment, plaintiff reported to the Release of Information section of the records department to receive additional training. During this time, plaintiff worked under the supervision of Anita Wilson, the clerk in the Release of Information section, who was assigned to train plaintiff.

Although plaintiff initially performed his duties in an acceptable manner, Mr. Wischropp eventually became aware that plaintiff's behavior in the workplace was having a negative effect on the morale of other employees in the records department. Mr. Wischropp conducted an investigation and concluded that plaintiff was engaging in unacceptable conduct in the workplace, including referring to his coworkers in highly derogatory terms.[2] Mr. Wischropp also concluded that plaintiff's behavior irritated and demoralized other employees in the department and he was

1. The court agrees that each of the requests is deemed admitted and Magistrate Judge Waxse recognized as much in the November 24, 2003 motion hearing he conducted in this case. Defendant served his requests for admissions on plaintiff on September 30, 2003. Plaintiff never objected to the requests and never responded to the requests in any manner. Pursuant to Federal Rule of Civil Procedure 36(a), each of those requests is deemed admitted. *See Kansas City Cable Partners v. Espy*, 250 F.Supp.2d 1296, 1299 (D.Kan. 2003); *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (a party's pro se status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure). While those admissions do entitle defendant to summary judgment on plaintiff's claims, the court notes that, regardless of the admissions, summary judgment would nonetheless be appropriate on plaintiff's disability harassment, retaliatory harassment and retaliatory discharge claims as explained in this order.

2. By failing to respond to defendant's requests for admissions, plaintiff has admitted that he referred to his coworkers using the term "bitch" and the phrase "lazy-ass mother fucker."

concerned that these other employees, because of plaintiff's behavior, would leave the VA, seek transfers to other departments within the VA, or file a grievance. According to defendant, Mr. Wischropp terminated plaintiff's employment because the employees that were disturbed by plaintiff's behavior were more valuable to the department than plaintiff in that the other employees had more knowledge of and experience with the VA medical records and the department.

Additional facts will be provided as they relate to plaintiff's particular claims.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union,* 279 F.3d 901, 904 (10th Cir.2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.,* 259 F.3d 1226, 1231–32 (10th Cir.2001) (citing *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding,* 279 F.3d at 904 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. American Guarantee & Liability Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir.2000) (citing *Adler,* 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir.2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1197–98 (10th Cir.2000) (quoting *Adler,* 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibits incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and in-expensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1); *see also Kaster v. Safeco Ins. Co. of Am.,* 2003 WL 22854633, at *2 (10th Cir. Dec.3, 2003)

(affirming the district court's grant of summary judgment in favor of defendant in an ADEA case where the plaintiff had failed to present evidence sufficient for a reasonable jury to conclude that Safeco's employment decisions were age-related); *Young v. White,* 2003 WL 21940941, at *1–2 (10th Cir. Aug.14, 2003) (affirming district court's grant of summary judgment in favor of defendant in race discrimination and retaliation context).

*Disability Discrimination*

█ Plaintiff contends that defendant discriminated against him on the basis of his disability, bipolar disorder. While plaintiff makes clear in his response to defendant's motion that he is not asserting that his discharge was based on his disability (*i.e.,* he is asserting that his discharge was based on his protected activity), it is not clear what actions plaintiff does assert were based on his disability. Indeed, aside from his termination (again, which he expressly states is not the basis for his disability claim), the record does not reveal that plaintiff was subjected to any adverse employment actions.

In any event, regardless of the nature of his claim, plaintiff's admission (via his failure to respond to defendant's requests for admissions) that his bipolar disorder is not a disability within the meaning of the Rehabilitation Act is fatal to this claim. *See Wells v. Shalala,* 228 F.3d 1137, 1144 (10th Cir.2000) (to establish a prima facie case of disability discrimination under the Rehabilitation Act, a plaintiff must show that he or she is disabled within the meaning of the Act). Similarly, by failing to respond to defendant's requests for admissions, plaintiff has admitted that he has no evidence that any decisionmakers had knowledge of his disability. This, too, is fatal to plaintiff's claim. *See Whitney v. Board of Educ. of Grand County,* 292 F.3d 1280, 1285 (10th Cir.2002) (affirming summary judgment on ADA claim where it was uncontroverted that decisionmaker did not know about employee's disability at time of suspension decision). Finally, to the extent plaintiff is attempting to assert a failure-to-accommodate claim (and it is not at all clear that he is), summary judgment is appropriate for the additional reason that he has admitted (again, by failing to respond to defendant's requests for admission) that no reasonable accommodation existed that would have enabled him to perform the essential functions of his job. *See Bartee v. Michelin North America, Inc.,* 374 F.3d 906, 911 n. 4 (10th Cir.2004) (to establish a prima facie case of disability discrimination in failure-to-accommodate context, plaintiff must show that he or she can perform the essential functions of the job with or without reasonable accommodation).

For all of the foregoing reasons, summary judgment in favor of defendant is appropriate on plaintiff's disability discrimination claim.

*Disability Harassment*

█ In the pretrial order, plaintiff asserts that he was subjected to a hostile work environment because of his disability. Assuming, without deciding, that such a claim is cognizable under the Rehabilitation Act, summary judgment in favor of defendant is warranted on this claim. *See Steele v. Thiokol Corp.,* 241 F.3d 1248, 1252 (10th Cir.2001) (assuming for the sake of argument that hostile work environment claim is cognizable under the ADA). As an initial matter, plaintiff, by failing to respond to defendant's request for admissions, has admitted that he is not disabled within the meaning of the Rehabilitation Act. Thus, plaintiff cannot establish a claim of disability harassment under the Rehabilitation Act. *See id.* at 1253 (plaintiff must have a "disability" within the meaning of the ADA in order to bring

a hostile work environment claim under the ADA).[3]

Moreover, to survive summary judgment, plaintiff must show "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Anthony v. City of Clinton*, 1999 WL 390927, at *3 (10th Cir. June 15, 1999) (discussing elements of an ADA disability harassment claim) (quoting *Penry v. Federal Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir.1998) (discussing elements of a Title VII sexual harassment claim based on a hostile work environment theory)). Plaintiff has failed to meet this standard. The record is devoid of any evidence that a jury could construe as disability-based slurs or ridicule. *See id.* at *4 (citing *Trujillo v. University of Colorado*, 157 F.3d 1211, 1214 (10th Cir.1998) (affirming summary judgment for employer on Title VII hostile work environment claim where plaintiff presented no evidence of racial comments or ridicule)). Similarly, the record is devoid of any physically threatening or humiliating incidents. *See id.*

Indeed, plaintiff has identified only one specific example of what he describes as disability-based harassment-he was required to "present written justification for seeing [his] psychologist." Along these same lines, plaintiff has submitted the testimony of a coworker who testified that management would "question [plaintiff's] doctors' appointments" and would "give [plaintiff] a hard time" about seeing a psychiatrist. Such conduct, however, is simply not severe or pervasive enough to amount to a hostile work environment. There is no evidence in the record concerning how often plaintiff's supervisors gave him a "hard time" about seeing a psychiatrist or what the nature and extent of that "hard time" was. Moreover, the mere fact that management required a written note verifying that he was leaving work for a doctor's appointment does not, without more, evidence disability-based harassment.

In sum, there is simply no evidence in the record remotely demonstrating that plaintiff was subjected to a workplace permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of plaintiff's employment. Summary judgment in favor of defendant is appropriate on this claim.

*Retaliatory Discharge*

According to plaintiff, defendant terminated his employment in retaliation for plaintiff's engaging in protected activity. Defendant contends that summary judgment in his favor is warranted as plaintiff has no evidence that defendant's proffered reasons for terminating plaintiff's employment are pretextual. The court agrees.[4] As plaintiff has no direct

---

3. Because the Rehabilitation Act incorporates the standards from the Americans with Disabilities Act of 1990, *see* 29 U.S.C. § 791(g), decisions under both Acts apply interchangeably to the court's analysis. *See Woodman v. Runyon*, 132 F.3d 1330, 1339 n. 8 (10th Cir. 1997).

4. By failing to respond to defendant's requests for admissions, plaintiff has admitted that personnel at the Veterans Administration

Medical Center, at the time of plaintiff's termination, had no knowledge that plaintiff had engaged in protected activity. For this reason, too, summary judgment would be appropriate on this claim as well as plaintiff's retaliatory harassment claim. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1235 (10th Cir.2000) (affirming dismissal of retaliation claim on summary judgment where plaintiff presented no evidence that

evidence of retaliation, his claim is analyzed using the basic allocation of burdens set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Wells v. Colorado Dept. of Transp.*, 325 F.3d 1205, 1212 (10th Cir.2003). Under the *McDonnell Douglas* framework, plaintiff has the initial burden of establishing a prima facie case of retaliation, which requires him to show that he engaged in protected opposition to discrimination; he suffered an adverse employment action; and there is a causal connection between the protected activity and the adverse employment action. *See id.* If he establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *See id.* If defendant offers a legitimate, nondiscriminatory reason for its actions, the burden reverts to plaintiff to show that defendant's proffered reason was a pretext for retaliation. *See id.*

█ Assuming, without deciding, that plaintiff has established a prima facie case of retaliation, the burden shifts to defendant to articulate a legitimate, nonretaliatory reason for his decision. *See English v. Colorado Dep't of Corrections*, 248 F.3d 1002, 1008 (10th Cir.2001) (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). According to defendants, David Wischropp terminated plaintiff's employment based on his conclusion that plaintiff's conduct in the workplace-including referring to his coworkers in highly derogatory terms-was detrimental to the work environment and his concern that other, more valuable employees in the department would leave the department in light of plaintiff's conduct. Defendant has satisfied his "exceedingly light" burden to provide nonretaliatory reasons for his deci-

sion. *See Goodwin v. General Motors Corp.*, 275 F.3d 1005, 1013 (10th Cir.2002).

█ Plaintiff, then, may resist summary judgment only by presenting evidence that defendant's reasons are pretextual (*i.e.*, unworthy of belief) or by otherwise introducing evidence of a retaliatory motive. *See Danville v. Regional Lab Corp.*, 292 F.3d 1246, 1250 (10th Cir. 2002) (citing *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1137 (10th Cir.2000)). Pretext "can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons." *Id.* (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997)). When assessing whether plaintiff has made an appropriate showing of pretext, the court considers the evidence as a whole. *Id.* (citation omitted). As explained below, the court concludes that plaintiff has failed to satisfy his burden. Summary judgment in favor of defendant, then, is granted with respect to plaintiff's retaliatory discharge claim.

█ In an effort to show that defendant's proffered reasons for plaintiff's discharge are pretextual, plaintiff first argues that the employees that Mr. Wischropp was concerned about leaving the department did, in fact, leave the department in any event after plaintiff's termination. While plaintiff's evidence might show that Mr. Wischropp's belief was unfounded (because the employees were going to leave anyway), it fails to address the relevant inquiry-whether Mr. Wischropp honestly

decisionmaker knew of plaintiff's protected activity at time discharge decision was made);

*Sanchez v. Denver Public Schools*, 164 F.3d 527, 534 (10th Cir.1998) (same).

believed that the employees might leave the department because of plaintiff and acted in good faith upon that belief in terminating plaintiff's employment. Plaintiff next argues that he had good interpersonal skills. While the evidence suggests that plaintiff indeed had good interpersonal skills at the beginning of his employment in the records department and that he has demonstrated such skills in subsequent employment, this evidence does not suggest that plaintiff possessed these skills (or, more importantly, that he utilized such skills) during the time relevant to this lawsuit. He does not dispute that he referred to his coworkers using the term "bitch" and the phrase "lazy-ass mother fucker." [5] In short, however great plaintiff's interpersonal skills might be, the uncontroverted facts demonstrate that plaintiff was not utilizing those skills at the time Mr. Wischropp terminated his employment.

 Finally, plaintiff appears to suggest that defendant's proffered reasons are unworthy of belief because Anita Wilson threatened a supervisor and was otherwise insubordinate and yet her employment was not terminated. While a plaintiff may establish pretext by showing that the defendant treated plaintiff differently from a similarly situated employee who violated the same work rule or work rules of comparable seriousness, *see Watts v. City of Norman*, 270 F.3d 1288, 1293 (10th Cir. 2001), plaintiff's evidence is insufficient to permit any analysis of the similarly situated issue. There is no indication that plaintiff and Ms. Wilson were subject to the same standards of performance and discipline. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir.1997) ("Similarly situated employees are those who deal with the same supervisor and are subject to the same standard governing performance evaluation and discipline."). There is no explanation or any detail whatsoever about the nature of Ms. Wilson's conduct or the circumstances surrounding the incident. There is no evidence whether Ms. Wilson's conduct occurred on one isolated occasion or whether, like plaintiff's conduct, it was a pattern of conduct over a period of time. Without such evidence, the court simply cannot conclude that plaintiff and Ms. Wilson are similarly situated such that a reasonable jury might conclude that defendant's proffered reasons are pretextual.

As plaintiff has failed to meet his burden of establishing pretext, summary judgment is granted in favor of defendant on this claim.

*Retaliatory Harassment*

 Finally, plaintiff alleges that he was subjected to a pattern of retaliatory harassment after he engaged in protected activity. Specifically, plaintiff alleges that he was forced to work under "the supervision of an employee that management acknowledged had a hostile attitude toward [plaintiff];" that he was placed in the Release of Information section for additional training; and that management assigned the duties of the GS–4 file clerk to plaintiff (who was a GS–3 file clerk) even though the GS–4 file clerk was at work on a daily basis. The record, however, does not reflect the nature of the additional duties plaintiff was required to perform and does not reflect whether plaintiff had any difficulty performing these additional duties. Moreover, the record is silent as to any specific treatment that plaintiff received from the employee with the "hostile attitude" toward him (presumably Anita Wil-

---

**5.** Even aside from the requests for admissions, plaintiff does not dispute in his brief that he referred to his coworkers in such a manner.

son, though plaintiff never identifies the employee by name).

Defendant moves for summary judgment on this claim on the grounds that these incidents, taken together, do not rise to the level of an adverse employment action. The court agrees. In fact, the Tenth Circuit has repeatedly rejected harassment claims based on facts that are much more egregious than those set forth by plaintiff here. For example, in *Amro v. Boeing Co.*, 232 F.3d 790 (10th Cir.2000), the Circuit rejected a retaliation claim based on a supervisor's alleged retaliatory harassment of the plaintiff because the plaintiff failed to demonstrate that his supervisor's conduct amounted to an adverse employment action. *See id.* at 799. In that case, the plaintiff alleged that his supervisor, after attending a meeting in which the plaintiff advised his supervisor that he thought he was discriminating against him, called him a "fucking foreigner;" placed his hands around the plaintiff's neck and patted him down, apparently to ascertain whether the plaintiff had a tape recorder; threw drawing papers at the plaintiff, causing a paper cut on plaintiff's neck; demanded to search through a folder that the plaintiff was carrying; and, on two other occasions, spoke unpleasantly to the plaintiff. *See id.* at 795. According to the Circuit, the "unpleasant and vulgar" encounters that the plaintiff had with his supervisor were simply not "sufficiently negative and pervasive to create an adverse employment action." *See id.* at 798.

Similarly, in *Heno v. Sprint/United Management Co.*, 208 F.3d 847 (10th Cir. 2000), the Circuit rejected the plaintiff's "retaliatory harassment" claim where the plaintiff failed to demonstrate that her supervisor's conduct amounted to an adverse employment action. *See id.* at 857–58. There, the plaintiff showed that her desk was moved to a different location; her telephone calls were monitored; her supervisor and coworkers acted in a "chilly" manner towards her, which made her feel isolated; the human resources department refused to further investigate her complaint once they found out she filed an EEOC complaint; and her supervisor suggested that she might wish to transfer to another department because her department was shifting to a commission format in which the plaintiff had previously struggled. *See id.* at 857. Affirming the district court's grant of summary judgment, the Circuit stated:

> These facts do not rise to the level of an adverse employment action. "Retaliatory conduct other than discharge or refusal to hire is ... proscribed by Title VII only if it alters the employee's 'compensation, terms, conditions, or privileges of employment,' or 'adversely affect[s] his [or her] status as an employee.'" Ms. Heno was working in the same job, for the same pay, with the same benefits. Moving her desk, monitoring her calls, being "chilly" towards her, and suggesting that she might do better in a different department simply did not affect Ms. Heno's employment status.

*See id.* (alterations in original) (citation omitted).

In *Sanchez v. Denver Public Schools*, 164 F.3d 527 (10th Cir.1998), the Circuit again affirmed the district court's grant of summary judgment to the defendant on the plaintiff's "retaliatory harassment" claim where the plaintiff failed to demonstrate that her supervisor's conduct amounted to an adverse employment action. *See id.* at 533. The plaintiff in *Sanchez* alleged that her supervisor, in retaliation for plaintiff's filing an EEOC complaint, made several ageist remarks; required her (but no one else) to bring a doctor's note when she was sick; threat-

 

ened to write her up for insubordination; and threatened to put her on a plan for improvement. *See id.* Analyzing these allegations, the Circuit stated:

> This conduct simply does not rise to the level of a materially adverse employment action sufficient to satisfy the second prong of the prima facie case. Courts considering the issue have held that " 'unsubstantiated oral reprimands' and 'unnecessary derogatory comments' " such as those alleged here are not included within the definition of adverse action absent evidence that they had some impact on the employee's employment status.

> .... It follows that "not everything that makes an employee unhappy" qualifies as retaliation, for "otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.' "

*See id.* (citations and quotations omitted).

Unlike the factual contexts of *Amro, Heno* and *Sanchez,* here there is no evidence (only conclusory allegations) that anyone was unpleasant or vulgar to plaintiff. There is no evidence that anyone made demeaning or derogatory comments to plaintiff or about plaintiff. The record is devoid of any evidence concerning any specific conduct that Ms. Wilson or any other employee engaged in concerning plaintiff. Simply put, plaintiff has failed to demonstrate that Ms. Wilson's conduct or any other person's conduct altered his employment in any way. In the absence of such evidence, the court cannot conclude that plaintiff was subjected to conduct that was severe or pervasive enough to constitute an adverse employment action. Thus, because plaintiff has failed to present sufficient evidence from which a reasonable jury could conclude that he suffered an adverse employment action, summary

judgment in favor of defendant is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. #53) is granted. Plaintiff's complaint is dismissed in its entirety.

**IT IS SO ORDERED.**