**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HORACE BARNES,

          Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

          Defendant-Appellee.

No. 05-3403

(D. Kansas)

(D.C. No. 01-CV-3202-KHV)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Horace Barnes, a federal prisoner proceeding pro se, filed a complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), § 2671-2690, and

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 399 (1971), alleging negligent treatment by prison medical staff on several occasions from 1997 to 1999 and seeking four million dollars in compensatory damages and four million dollars in punitive damages. For the reasons given herein, we AFFIRM the district court's order granting summary judgment for the government.

## I. BACKGROUND

We present the relevant facts as summarized by the previous panel decision in this case:

> Between August 15, 1997 and May 21, 1998, medical staff at USP Leavenworth treated Mr. Barnes approximately fifteen times for a rash and skin irritation on his penis. On December 28, 1998, Mr. Barnes complained of skin irritation on his inner thigh, scrotum, and penis. H. Al-Ruballe, a physician's assistant, diagnosed him with jock itch and prescribed Tolnaftate. On January 27, 1999, Mr. Barnes complained of a penis infection. Mr. Al-Ruballe diagnosed him with condylomata acuminata (genital warts), prescribed Podofilox, and treated him from an unlabelled bottle. When Mr. Barnes returned the next day with complaints of swelling and soreness in the affected area, Mr. Al-Ruballe discontinued the Podofilox. Mr. Al-Ruballe and Dr. Phillip Hill, the clinical director at USP Leavenworth, prescribed Sulfameth/Trimeth and Clotrimazole. The swelling and soreness "quickly resolved itself because [Mr. Barnes] was never again given a Podo[f]ilox treatment from an unlabelled bottle." Plaintiff's Objection to Motion for Summary Judgment, R. Doc. 27, at 28.
>
> On May 22, 2000, Mr. Barnes filed an administrative tort claim with the Bureau of Prisons alleging that Mr. Al-Ruballe and Dr. Hill treated him improperly on January 27 and 28, 1999. He sought $100,000 in damages. On October 19, 2000, the BOP denied Mr. Barnes's claim and informed him that he had six months to file suit in federal court. On

April 19, 2001, Mr. Barnes filed a pro se complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671, and [*Bivens*,] 403 U.S. 388 (1971), alleging negligent treatment by prison medical staff on several occasions from 1997 to 1999 and seeking $4 million in compensatory damages and $4 million in punitive damages. . . .

On September 24, 2002, the government filed a motion to dismiss or, alternatively, for summary judgment on the grounds that (1) the FTCA claim was time-barred; (2) except for the allegations of negligent medical care between January 26 and January 28, 1999, Mr. Barnes failed to exhaust his administrative remedies; (3) relief should be limited to the amount requested in the administrative claim; and (4) the evidence did not create a genuine issue of material fact on the FTCA claim. Mr. Barnes filed a motion for continuance of summary judgment, pursuant to Rule 56(f), seeking time to obtain affidavits and discovery to oppose summary judgment. . . .

On September 27, 2004, the district court granted the government's motion to dismiss in part, holding that Mr. Barnes's complaint was not time-barred, but that he failed to exhaust his administrative remedies for all but two claims: (1) that Mr. Al-Ruballe negligently treated him with medicine from an unlabeled bottle on January 27, 1999, and (2) that Mr. Al-Ruballe and Dr. Hill negligently prescribed Clotrimazole on January 28, 1999. The court granted the government's motion for summary judgment on the two exhausted claims. The court also denied Mr. Barnes's motion for clarification, explaining that it was a summary order, and to the extent he sought reconsideration, his request was denied because he failed to comply with local rules. Mr. Barnes filed a motion to reconsider, which the court denied.

*Barnes v. United States,* 137 F. App'x 184, 185-87 (10th Cir. 2005) ("*Barnes II*").

As to the unlabelled bottle claim, the district court concluded that the government was entitled to summary judgment because Mr. Barnes "has not shown what was in the bottle or that it was something other than Podofilox – what Al-Raballe intended to use and what plaintiff had received in the past with no

adverse reaction." Aple's Br. Attach A, at 15-16 (Dist. Ct. Order, dated Sept. 27, 2004) ("*Barnes I*"). The district court thus granted summary judgment in favor of the government.

On appeal, a panel of this court affirmed the district court's grant of summary judgment for the government, with the exception of the grant of summary judgment on the unlabelled bottle claim. *Barnes II*, 137 F. App'x at 189. The panel reversed that holding, determining that "a reasonable jury could . . . conclude that Mr. Al-Ruballe's negligence injured Mr. Barnes." *Id.* We acknowledged that the district court noted that Mr. Barnes failed to submit verified statements in support of his opposition of the motion for summary judgment. However, we "hesitate[d] to affirm on this alternative ground" (that Mr. Barnes failed to submit verified statements), and remanded because the record did not demonstrate whether the district court meant to excuse Mr. Barnes's failure to provide sworn statements, as required by Fed. R. Civ. P. 56(e). *Id.* On remand, the district court clarified its previous order: relying on D. Kan. Rule 56.1 and Fed. R. Civ. P. 56(e), it explicitly "decline[d] to excuse plaintiff's failure to submit admissible evidence in response to defendant's motion for summary judgment and direct[ed] entry of judgment in favor of defendant." Aple's Br. Attach C, at 1 (Dist. Ct. Order, dated Oct. 3, 2005) ("*Barnes III*").

## II. DISCUSSION

On appeal, Mr. Barnes argues that the district court ignored his many exhibits from medical records that support his allegations. We agree with the district court that Mr. Barnes was more than sufficiently put on notice of the prerequisites for his statements to be admissible. A party's pro se status does not relieve him from complying with the court's procedural requirements. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Although courts should construe the pleadings of a pro se litigant liberally, such petitions still must comply with minimum requirements established by local rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see Small v. Lehman*, 98 F.3d 762, 764 n.5 (3d Cir. 1996) (concluding that unsworn statements do not meet the requirements of "affidavits" and thus cannot be used to support motions for summary judgment or responses thereto), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997). That the plaintiff is pro se is no reason to relax this requirement.

Although Mr. Barnes may not have been aware of Rule 56(e) when he filed his first opposition, *Barnes I* and *Barnes II* put him on clear notice of the rule and the deficiencies of his initial responses. Even reading the pro se opposition

papers liberally, in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they do not comply with Rule 56(e). On appeal, Mr. Barnes makes no attempt to refute the district court's findings. We conclude that the district court was well warranted in granting summary judgment for the government.

III. CONCLUSION

Accordingly, we AFFIRM the district court's order.

Entered for the Court,


Robert H. Henry
Circuit Judge