**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS PALMER,

          Plaintiff-Appellant,

v.

JOHNNY PHILPOT, in his official
capacity as Sheriff of Sequoyah
County; FRANKLIN LIGHTFOOT,
individually; ROBERT GUDE,
individually; SHANE MCHALE,
individually,

          Defendants-Appellees.

No. 08-7023
(D.C. No. 07-CV-012-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Dennis Palmer, proceeding pro se, appeals from a jury verdict in favor of

the defendants in his civil rights action. Mr. Palmer also appeals from the district

court's order requiring him to pay a portion of the fees incurred in selecting a jury

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for his original trial, which was continued after Mr. Palmer's counsel withdrew. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Mr. Palmer filed a complaint alleging that his constitutional rights were violated during his temporary incarceration at the Sequoyah County Jail. When he filed his lawsuit, Mr. Palmer was represented by Corinne O'Day-Hanan. The parties initially selected a jury to try the case, but then Ms. O'Day-Hanan moved to withdraw from representing him. The district court granted the motion, continued the trial for three months to give Mr. Palmer time to find a new attorney, and ordered Mr. Palmer to pay a portion of the costs incurred in gathering a jury.

On January 14, 2008, Mr. Palmer, proceeding pro se, filed a motion requesting the district court to reconsider permitting Ms. O'Day-Hanan to withdraw as his counsel, requesting to have the trial (which was set for February 4, 2008) continued, and seeking relief from the order to pay jury costs. The district court denied the motion. Mr. Palmer then filed three more motions asking the district court again for a continuance, for an order to have Ms. O'Day-Hanan release certain files to him, and to relieve him from paying jury expenses. Those requests were also denied. Mr. Palmer next filed a motion seeking a change of venue, arguing that the district judge was biased against him and he could not get

a fair trial in Oklahoma.  The district court denied the motion.  Mr. Palmer's case proceeded to trial and the jury ultimately entered a verdict in favor of defendants.

Mr. Palmer filed a notice of appeal.  He then filed a motion in the district court for leave to appeal in forma pauperis ("IFP"), which the district court granted in part and denied in part.  The district court also ordered Mr. Palmer to submit certain financial documents.  In response to the district court's order, Mr. Palmer submitted some of the requested documents.  He argued, however, that if the judge did not grant him IFP status, then he should recuse himself from the case so that another judge could be appointed and IFP status could be granted.  The district court construed this response as a motion to reconsider its IFP order and, in the alternative, as a motion to recuse from ruling on the IFP motion.  The district court denied the motion to recuse and reaffirmed its IFP ruling.

## II.  DISCUSSION

The appellees argue that Mr. Palmer has waived all arguments on appeal by failing to address them sufficiently or to support them in his opening brief.  We agree.  Mr. Palmer's three-page brief fails to comply with Federal Rule of Appellate Procedure 28 and fails to offer any substantive argument to support his contentions on appeal.

Mr. Palmer's brief contains three sections, which he describes as: "Statement of the Case," "Statement of facts relevant to the Issues Presented for Review," and "Statement of Issues."  Aplt. Br. at 1-2.  Rule 28 requires that an

appellant's brief contain "a statement of facts relevant to the issues submitted for review with appropriate references to the record." Fed. R. App. P. 28(a)(7). Mr. Palmer's statement of facts contains no record references and consists of conclusory statements. *See*, *e.g.*, Aplt. Br. at ¶ 2.A. ("I was wrongfully made to defend myself in a court of law at a time that the court knew I was under the influence of prescribed narcotics.").

Rule 28 requires also that the opening brief contain an argument section with "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). Mr. Palmer's brief does not include an argument section. Instead, for his "Statement of Issues," he includes a laundry list of complaints against the district court. None of these conclusory allegations is supported with citations to legal authority or the record. *See*, *e.g.*, Aplt. Br. at ¶ 3.F. ("[The judge] further found out in trial that there was communication and meetings going on with my lawyer which further violat[ed] my rights under his act to let my lawyer go.").

Although we construe pro se filings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*,

32 F.3d 452, 455 (10th Cir. 1994).  Mr. Palmer's cursory list of complaints about his proceedings before the district court is inadequate to preserve appellate review.  *See Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("[I]ssues will be deemed waived if they are not adequately briefed.").  We simply cannot tell from Mr. Palmer's brief (1) the facts surrounding the alleged errors, (2) the legal basis for his contentions, or (3) whether he suffered any prejudice from the alleged errors.  Because Mr. Palmer has wholly failed to support any issue with argument, evidence, or citations to the record, and has failed to comply with Rule 28 of the Federal Rules of Appellate Procedure, he has waived all issues on appeal.

## III.  CONCLUSION

We AFFIRM the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge

-5-