**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

CAROL A. CUNNINGHAM;
DOUGLAS D. CUNNINGHAM;
BRENNAN S. LOCK, a minor child,

    Plaintiffs - Appellants,

v.

SOCIAL SECURITY
ADMINISTRATION, and all officials,
officers, agents, assigns, employees,
successors, and all persons in concert
or participation with them in their
official capacity,

    Defendants - Appellees.

No. 08-5105
(N.D. Okla.)
(D.Ct. No. 4:07-CV-00605-JHP-FHM)

_____

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Carol A. Cunningham, proceeding pro se on behalf of herself, her son and her former husband (the Cunninghams), filed suit against the Social Security Administration (SSA) claiming it failed to properly maintain their records. The district court dismissed the complaint. We AFFIRM.

## I. BACKGROUND

From 1999 through 2003, some of the Cunninghams received social security disability benefits. At some point, SSA determined it had overpaid some benefits and requested reimbursement. They objected to reimbursement, claiming the overpayment was due to the SSA's failure to properly maintain its records. The controversy culminated in the Cunninghams filing a lawsuit in 2004 against the SSA seeking 65 million dollars for, inter alia, "Gross Incompetence, Misappropriation of Information, Defamation of Character, Libel, Slander, Malicious Intent, Fraud and Violations of Civil and Constitutional Rights." (Appellee's App'x at 10.) The district court dismissed the lawsuit for failure to exhaust administrative remedies. The Cunninghams did not appeal.

While it is unclear whether the Cunninghams properly sought to exhaust their administrative remedies, they did receive a notice of dismissal from the SSA dated September 7, 2006. They then filed this, second, suit against the SSA, again requesting the "65 million originally stated on 1st petition" claiming "constructive fraud, indemnification, intentional infliction of emotional harm and

punitive damages." (R. Vol. I at 1-12.)  The facts underlying the complaint were essentially the same events on which they based their earlier suit.  The case was delegated to a magistrate judge who recommended the SSA's motion to dismiss be granted.  In his report and recommendation, the magistrate determined the request for review of administrative action was not timely filed and a number of the claims were specifically prohibited by 42 U.S.C. § 406(h).  Over the Cunninghams' objections, the district court adopted the well-supported conclusions of the magistrate.

## II.  DISCUSSION

"We review de novo the district court's grant of the individual defendant's motions to dismiss, applying the same standards as the district court under Fed.R.Civ.P. 12(b)(6).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003) (quotations and citations omitted).  We liberally construe pro se pleadings. *Id.*

The Cunninghams raise two issues on appeal, both of which relate to the perceived wrongs committed by the SSA.  They complain of:  (1) the SSA's "refusal to comply with amending and maintaining records in accordance" with regulations, and (2) fraudulent "alteration of [the] original 1995 notice of award." (Appellants' Br. at 3)  The Cunninghams' brief contains only conclusory

-3-

statements regarding the SSA's alleged non-compliance with recordkeeping regulations and conclude these actions amount to criminal behavior. It does not touch on the reasons their suit was dismissed.

Liberal construction of pro se pleadings does not excuse failures to follow procedural rules. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (Pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 28 of the Federal Rules of Appellate Procedure requires an appellant's brief to include argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). The Cunninghams' tirade against the SSA does not comply.

The magistrate's report clearly and concisely set forth the reasons for dismissal. To the extent the Cunninghams sought review of the SSA's September 7, 2006 dismissal, their claims were untimely under 42 U.S.C. § 405(g). ("[I]rrespective of the amount in controversy, [an individual] may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision."). To the extent the Cunninghams raised claims of constructive fraud, indemnification and intentional infliction of emotional harm, these claims were prohibited under 42 U.S.C. § 405(h) which provides, "No action against the United States, the Commissioner of Social Security, or any

-4-

officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."[1]  28 U.S.C. § 1346(b)(1) addresses jurisdiction over claims against the United States "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . ." Because § 405(h) prohibits such claims against the SSA, the district court correctly determined it lacked jurisdiction over the Cunninghams' request for money damages for loss of property and personal injury.

     **AFFIRMED**.

                          **Entered by the Court:**

                          **Terrence L. O'Brien**
                          United States Circuit Judge

---

[1]  28 U.S.C. § 1331 provides the district court jurisdiction over claims presenting a federal question.