FILED
United States Court of Appeals
Tenth Circuit

July 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TORREY V. BANKS,

         Plaintiff - Appellant,

v.

OFFICER JOHN DOE, (Supervisor)
Lakewood Police Dept.; OFFICER JANE
DOE, Lakewood Police Dept.; OFFICER
JOHN DOE #1, Lakewood Police Dept.);
OFFICER JOHN DOE #2, Lakewood
Police Dept.; CITY OF LAKEWOOD;
ARAPAHOE COUNTY; CHIEF
WALCHER of A.C.S.O; LIEUTENANT
KNIGHT, of A.C.S.O.; SUPERVISOR
SHEILA CLARK, of A.C.S.O.; JANE
DOE, A.C.S.O. (Psychology Dept.);
DEPUTY KRAUS, of A.C.S.O.
(Disciplinary Board Member); DEPUTY
JOHN DOE #1, (Disciplinary Board
Member); DEPUTY JOHN DOE #2, of
A.C.S.O. (Disciplinary Board Member);
DEPUTY BENDICRAFT, of A.C.S.O.;
ERIN LIBRARIAN, A.C.S.O. (Employee);
STATE OF COLORADO; RON WAGER,
CDOC (Assistant Warden); A. MEDINA,
CDOC (Warden and Deputy Director);
CAPTAIN KATZENMEYER, of CDOC;
C/M III S. ORTIZ, of CDOC (Ad Seg
Hearings Officer); C/M CHAVEZ, of
CDOC (Ad Seg Hearings Officer); C/M
BRANDT, of CDOC (Ad Seg Hearings
Officer); LT. LAWSON, of CDOC
(Disciplinary Hearings Officer); JERRY
SCOLLARD, CDOC (Acting Mental
Health Supervisor); STEPHANIE
ENGLAR, CDOC (Contract Worker); C/O
YVETTE MAES, of CDOC; CAPTAIN
DIANE QUATTLEBAUM, of CDOC; C/O

No. 13-1091
(D.C. No. 1:12-CV-02014-LTB)
(D. Colo.)

HOLMES, of CDOC; C/O KEN
DUNDER, of CDOC; C/O LEIA
ESTRADA, of CDOC; LT. PETER
ANDERSON, of CDOC (Disciplinary
Hearing Officer); JACQUELINE
MCCALL, CDOD (Administrative Head);
C/O JENNIFER MALEBRANCHE, of
CDOC,

          Defendants – Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Torrey Banks, an inmate in the custody of the Colorado Department of

Corrections, filed an amended pro se complaint against numerous defendants.  The

complaint alleged deprivations of his constitutional rights under 42 U.S.C. § 1983 and

violations of the Americans with Disabilities Act.  He was required to amend his

complaint to comply with Rule 8 of the Federal Rules of Civil Procedure.  After several

extensions of time, Banks filed an expanded amended complaint which the court *sua*

---

[*] The parties have waived oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A).  Citation to unpublished decisions is not prohibited.  Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished).  *Id.*

*sponte* dismissed without prejudice because, like the original amended complaint, it failed to comply with Rule 8.  We affirm.

## I.  BACKGROUND

Banks filed his lawsuit on August 1, 2012, against the City of Lakewood, Colorado, various employees of the Arapahoe County Detention Center and the Arapahoe County Sherriff's Department, and approximately eight unknown employees of those entities. According to Banks his mistreatment began in May 2009, when he was allegedly illegally arrested in Lakewood, Colorado.  The mistreatment continued through 2010 with numerous instances of allegedly illegal and unconstitutional treatment while he was housed in different detention facilities.  His handwritten, single-spaced, 28-page complaint failed to connect his claims to his narrative and the majority of the named defendants to his claims.  He simultaneously moved for appointment of counsel.

On November 8, 2012, a magistrate judge determined the complaint did not comply with Rule 8 and required Banks to file an amended complaint within 30 days. The order warned that if his complaint failed to comply with Rule 8, his claims would be dismissed.  His motion for appointment of counsel was denied.

After several extensions of time and interspersed motions for a preliminary injunction and reconsideration of the denial of his motion for appointment of counsel, Banks filed his amended complaint on February 5, 2013.  It was no better than the first. To the contrary, it had expanded to 91 pages with over 30 defendants and alleged new claims occurring through December 2012.  The court dismissed his amended complaint without prejudice, explaining:

Mr. Banks' unnecessarily verbose and disorganized amended complaint violates the pleading requirements of Fed. R. Civ. P. 8. The amended complaint fails to provide a generalized statement of the facts from which a defendant may form a responsive pleading. . . .

Mr. Banks has failed to meet his responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. He also has failed to allege – simply and concisely – his specific claims for relief, including the specific rights allegedly violated and the specific acts of each Defendant that allegedly violated his rights . . . . [T]he Court does not require a long, chronological recitation of facts. Nor should the Court or Defendants be required to sift through Mr. Banks' verbose allegations to determine which allegations go with which claims. The general rule that *pro se* pleadings must be construed liberally has limits and the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

(R. at 242-43 (citations and quotation marks omitted)). Banks's motion for reconsideration was denied as was his request to proceed on appeal without prepayment of fees. *See* 28 U.S.C. § 1915(a). He appeals from the dismissal of his claims and the denials of his motions for a preliminary injunction and appointment of counsel. He has petitioned this court to waive prepayment of fees, which would effectively void the district court's decision on the issue.

## II. DISCUSSION

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir.2007). Generally, if a district court dismisses a case without prejudice, it need not follow any specific procedure because the plaintiff retains the ability to refile his or her

- 4 -

case.[1]  *Id.* at 1162.  Rule 8 requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief" and the relief sought.

Banks's amended complaint utterly fails to meet the Rule 8 requirements and at times is almost incomprehensible.  On appeal, he disputes the trial judge's characterization of his complaint as "unnecessarily verbose and disorganized," but he does not explain how the judge was to decipher the myriad allegations and the mix of defendants.  Indeed, his brief on appeal discusses his claims against yet another defendant which he concedes he cannot bring at this time.  Our liberal construction of pro se filings does not authorize the court to "assume the role of advocate."  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation marks omitted).  "*Pro se* status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'"  *Id*. (quoting *Ogden v. San Juan Cnty.*,

---

[1] If, however, a district court dismisses a case with prejudice, "it must first consider certain criteria."  *Nasious*, 492 F.3d at 1162.  "[T]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (quotation marks omitted).

If Banks refiles his complaint, the two-year statute of limitations may have run on his § 1983 claim.   But he neither raised a statute of limitations problem in the district court nor does he raise it on appeal.  We may not abandon our rules and act as an advocate for a pro se appellant. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Banks's failure to raise a statute of limitations argument with this court waives the issue even under plain error review. *See United States v. Bader*, 678 F.3d 858, 894 (10th Cir.) (insufficient argument in opening brief waived issue on appeal), *cert. denied*, 133 S. Ct. 335 (2012); *see also United States v. Bowling*, 619 F.3d 1175, 1181 n.1 (10th Cir. 2010) (arguments not raised in opening brief are waived).

32 F.3d 452, 455 (10th Cir. 1994)).  Banks has failed to make a case for abuse of discretion.  Under our deferential review of dismissals without prejudice Banks has identified no reason justifying reversal.

We AFFIRM the dismissal of Banks's claims without prejudice and DENY his motion to appeal without prepayment of fees.  All unpaid filing and docketing fees are due and payable to the Clerk of the District Court.  If they are not immediately paid, Banks must continue making periodic payments until they are paid in full. [2]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[2] Our consideration of the merits of Banks's appeal does not relieve him of the responsibility to pay the appellate filing fee in full.  *See* 28 U.S.C. § 1915(b).