**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 14, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

BENJAMIN W. FAWLEY,

    Plaintiff - Appellant,

v.

ALISHA TAFOYA LUCERO, Secretary,
NMCD; DWAYNE SANTISTEVAN,
Warden, LCCF; HOWARD CLARKE,
Director; MICHELLE LUJAN GRISHAM,
Governor, State of New Mexico,

    Defendants - Appellees.

No. 22-2091
(D.C. No. 2:20-CV-01342-MLS-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Benjamin Fawley, a state prisoner appearing pro se,[1] appeals the dismissal of

his 42 U.S.C. § 1983 action against the state of New Mexico and officials with the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Fawley proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

New Mexico Corrections Department (NMCD), where he is currently in custody. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Although Mr. Fawley's conviction stems from crimes he committed in Virginia, he is in the custody of NMCD pursuant to a transfer authorized through the Interstate Corrections Compact, *see* 4 U.S.C. § 112. Mr. Fawley sued the defendants in state court in New Mexico. In his complaint, he alleged they violated various statutory and constitutional provisions by assessing restitution toward a fund benefitting New Mexico crime victims even though he committed his crimes in Virginia. The defendants removed the case to federal court and moved to dismiss, raising, inter alia, immunity under the New Mexico Tort Claims Act and the Eleventh Amendment.

Mr. Fawley responded by filing a motion to amend his complaint along with sixteen other filings, motions, letters, and notices. The district court liberally construed Mr. Fawley's filings as an attempt to amend his complaint, and ordered Mr. Fawley to file, within thirty days, a single complaint that complied with Fed. R. Civ. P. 8. The court denied as moot all pending motions, and further advised Mr. Fawley to avoid "shotgun pleading"—that is, the recitation of an extended factual narrative followed by pleading numerous claims without adequately specifying which facts apply to which claims and which parties.

After that order, Mr. Fawley filed an amended complaint, a brief in support of his amended complaint, and at least twelve other motions, responses, and replies that

2

nominally addressed procedural issues "but also [sought] relief under statutes and theories that were not raised in the [a]mended [c]omplaint." R. vol. 3 at 271. Because the district court "still [could not] discern the exact claims [Mr. Fawley sought] to assert," and because "striking extraneous submissions would not cure the defect because his new legal theories [were] intermingled with arguments resisting dismissal and/or seeking a remand to state court," *id.*, the court dismissed the case without prejudice under Fed. R. Civ. P. 41(b).

Mr. Fawley noticed this appeal and filed various objections in the district court that the district court construed as a motion to reconsider its dismissal under Fed. R. Civ. P. 59. We abated this appeal until the district court could rule on Mr. Fawley's post-judgment objections. After the district court denied them, we lifted the abatement.

## DISCUSSION

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007). Where, as here, the district court dismisses a case under Rule 41(b) without prejudice for failing to comply with Rule 8, it "may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* at 1162. Construing Mr. Fawley's appeal briefs liberally,[2] he raises four principal arguments:

---

[2] In addition to his opening brief and reply brief, Mr. Fawley filed "supplements" thereto. Although the rules of appellate procedure normally do not

3

(1) it is improper for New Mexico to assess restitution for his Virginia crimes;

(2) his underlying conviction in Virginia is invalid, but because he can no longer seek habeas relief for this conviction, he must pursue damages under § 1983;

(3) the district court improperly imposed a limit on the number of constitutional violations he could assert and/or the number of defendants he could assert them against; and

(4) the district court did not extend sufficient latitude to him in light of his status as a pro se litigant.[3]

These arguments lack merit.

The first and second do not address the deficiencies the district court identified in Mr. Fawley's pleadings. The district court could not discern, either from the amended complaint or from the numerous filings that accompanied it, what statutes Mr. Fawley was relying on for relief, what role the named defendants played, or even what relief he sought. Nor do they demonstrate the district court abused its discretion in dismissing his claims without prejudice for failure to comply with its prior order

---

permit these submissions, *see* Fed. R. App. P. 28(c) (providing that "[u]nless the court permits, no further briefs may be filed" other than the appellant's and the appellee's brief and the appellant's reply brief), in keeping with our obligation to construe Mr. Fawley's briefs liberally, we have considered the arguments in each "supplement" alongside the briefs to which they pertain.

[3] Mr. Fawley also raises arguments that appear directed at rulings made in New Mexico state court in this and other cases. We do not consider these arguments because our jurisdiction is limited to reviewing the final decision of the federal district court. *See* 28 U.S.C. § 1291.

and Fed. R. Civ. P. 8.  And to the extent Mr. Fawley now clarifies that a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," which has not "already been invalidated," he cannot proceed under § 1983 in any event.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The record does not support the third argument.  The district court did not impose a limit on the number of claims or defendants in Mr. Fawley's suit; it "helpfully advise[d]" him that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious*, 492 F.3d at 1163.

As to the fourth argument, Mr. Fawley's "pro se status does not excuse [his] obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil. . . Procedure."  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (italics omitted).  The district court did not merely dismiss Mr. Fawley's claims due to his "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Rather, after carefully reviewing both his complaint and proposed amended complaint (along with the litany of supplemental filings he included with each), the district court concluded Mr. Fawley's complaint lacked the very basic "elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits."  *Nasious*, 492 F.3d

5

at 1163. Faced with Mr. Fawley's noncompliance with its prior order, the district court did not abuse its discretion in dismissing the action without prejudice.

## CONCLUSION

We affirm the judgment of the district court. We deny Mr. Fawley's "Motion for Rule 19 Certified Question to U.S. Supreme Court."

Entered for the Court

Allison H. Eid
Circuit Judge